## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

ALBERT MORGAN,

                                Plaintiff,

   vs.                                                                   9:17-CV-3
                                                                                  (TJM/ATB)

ANTHONY J. ANNUCCI, et al.,

                                Defendants.

ALBERT MORGAN, Plaintiff pro se
CHRISTOPHER J. HUMMEL, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER & REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). Presently before this court is defendants' motion to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 37(d) & 41(b). (Dkt. No. 47). Plaintiff, who has been deported from the United States, has not filed a response in opposition to the motion to dismiss, but did appear at a telephone conference to discuss the motion and clarify his immigration status. For the reasons set forth herein, this court recommends that plaintiff be granted 90 days to attempt to address his exclusion from the United States, and provide appropriate documentation to the court. This court further recommends that if plaintiff is unable to satisfactorily rectify his immigration status within 90 days, then the court should grant defendants' motion, and dismiss the complaint.

**I.     Procedural History**

    **A.     Background**

Plaintiff filed this action on January 3, 2017, while incarcerated. (Dkt. No. 1). On February 8, 2017, Judge McAvoy granted plaintiff's motion for in forma pauperis ("IFP") status, and conducted an initial screening of the complaint. (Dkt. No. 4). As a result, Judge McAvoy allowed certain of plaintiff's Eighth Amendment excessive force, failure to protect, and medical indifference claims and his First Amendment retaliation claim to proceed, and dismissed the remainder of plaintiff's claims. (*Id.*)

On May 8, 2017, plaintiff filed motions to supplement his complaint and to obtain preliminary injunctive relief related to the conditions of his confinement. (Dkt. Nos. 18, 19). Judge McAvoy denied both motions on July 18, 2017. (Dkt. No. 29).

While those motions were pending, I issued a Mandatory Pretrial Discovery and Scheduling Order ("MPSO") dated June 6, 2017. (Dkt. No. 25). The MPSO set December 7, 2017 as the deadline for completion of all discovery, including plaintiff's deposition. (Dkt. No. 25, at 5). As part of that order, I advised plaintiff that his failure to "attend, be sworn, and answer appropriate questions" at his deposition "may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." (*Id.*)

    **B.     Motion to Dismiss for Failure to Prosecute**

On August 10, 2017, defendants filed a notice indicating that plaintiff had been served with defendants' Rule 26 Disclosure. (Dkt. No. 30). Plaintiff did not serve mandatory disclosures or any other discovery in this action. (Dkt. No. 35-1, "Hummel Decl." ¶ 8).

On October 31, 2017, defendants served plaintiff with a notice of deposition, requesting his appearance at the New York State Attorney General's office on

2

December 1, 2017, at 10:00 a.m. (Hummel Decl. ¶ 11). The notice was sent to plaintiff's attention at the Buffalo Federal Detention Facility. (Hummel Decl. at 5). Plaintiff did not appear at the scheduled deposition. (Hummel Decl. ¶ 13).

Defendants did not receive any communication from plaintiff prior to the deposition date. However, plaintiff evidently received the deposition notice, because he contacted defendants' counsel by telephone at approximately 11:15 a.m. on December 1, 2017, to advise that he had been deported to Jamaica. (Hummel Decl. ¶ 14). Plaintiff further advised defendants' counsel that he would not be returning to the United States and would not submit to a deposition in this proceeding. (*Id*.) Plaintiff also refused to provide plaintiff with his current address in Jamaica. (Hummel Decl. ¶ 15).

In light of plaintiff's stated refusal to appear at a deposition, defendants moved to dismiss for failure to prosecute on December 8, 2017. (Dkt. No. 35). Defendants served a copy of the motion on plaintiff at the Jamaica mailing address that he had provided to the court prior to his deportation. (Hummel Decl. ¶ 15; Dkt. No. 35-4). Plaintiff did not file a timely response to defendants' motion.

### C. Plaintiff's Communication with Court

On January 25, 2018, I issued a memorandum-decision that, in part, ordered plaintiff to promptly provide the court clerk with his current telephone number and address, and to participate in a telephone conference scheduled for February 26, 2018.[1] (Dkt. No. 37). Plaintiff was again warned that his "failure to comply with this order or to participate in the telephone conference as directed may result in the imposition of

---

[1] The memorandum-decision also denied plaintiff's request for appointment of counsel, which had been filed prior to his deportation. (Dkt. No. 36).

3

sanctions, including possible dismissal of this action." (*Id*.) A copy of this order was sent to plaintiff's previously provided address in Jamaica via regular and certified mail. (*Id*.) Plaintiff failed to provide his contact information as directed, and did not call into the conference. (Text Minute Entry, dated February 26, 2018). Defendants' counsel participated in the conference. During the call, I stated that I would be issuing a report-recommendation recommending that defendants' motion to dismiss be granted, in light of plaintiff's failure to follow the court's orders. (*Id*.)

Following the conference call, the clerk's office received a letter from plaintiff, dated February 6, 2018.[2] (Dkt. No. 38). The letter provided a current telephone number and a new address for plaintiff in Jamaica, but did not offer any objections to defendants' motion. (*Id*.) In order to provide the pro se plaintiff an additional opportunity to be heard on defendants' motion, this court scheduled a new telephone conference, to be held on March 2, 2018. (Dkt. No. 39). The court clerk also contacted plaintiff by telephone, and confirmed his availability for the scheduled telephone conference.

Plaintiff and defendants' counsel participated in the March 2, 2018 telephone conference. (Text Minute Entry, dated March 2, 2018). During the call, I advised plaintiff of his responsibilities regarding this litigation, including participation in a deposition, and attending and participating in any trial in the United States. Plaintiff advised the court that he had been deported to Jamaica following convictions for crimes that included murder and robbery, and acknowledged that it was unclear if he would be permitted to return to the United States in light of his status as an "aggravated

---

[2] The letter was stamped "received" by the clerk's office on February 26, 2018. (Dkt. No. 38). No dated postmark is legible on the mailing envelope.

felon." (*Id.*)  Plaintiff stated that he was willing to participate in a telephone deposition, and was consulting with legal counsel in Jamaica regarding his immigration status. (*Id.*)

## II.   Failure to Prosecute

### A.   Legal Standards

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party.  Fed. R. Civ. P. 37(d)(1)(A)(i). Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to dismiss an action for failure to comply with a discovery order.  The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990).  In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.*  The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice.  *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court.  *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).  Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes.  *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996)(pro se

5

plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives) (dissenting opinion).

The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

### B.   Application

Defendants have filed the Declaration of Assistant Attorney General ("AAG") Christopher J. Hummel in support of their motion to dismiss. (Dkt. No. 35-1). AAG Hummel has detailed plaintiff's failure to participate in the discovery process and to appear at his scheduled deposition. His declaration also reflects plaintiff's prior statement that he would not submit to a deposition in this action.

The factors outlined by the Second Circuit apply even when the deportation of a party provides a basis for a motion to dismiss for failure to prosecute. *Brown v. Wright*, No. 05-CV-82 (FJS/DRH), 2008 WL 346347, at *3 (N.D.N.Y. Feb. 6, 2008). The court is well-aware that dismissal is a harsh sanction that may be considered only after determining that lesser sanctions are not appropriate. *See Securities and Exchange Comm'n v. Razmilovic*, 738 F.2d 14, 24-25 (2d Cir. 2013) (quoting *Southern New England Telephone Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)

(dismissal for a disobedient plaintiff or default in the case of a disobedient defendant should be ordered only when the district judge has considered lesser sanctions). In addition, no sanction should be imposed without giving the disobedient party notice of the particular sanction "and an opportunity to be heard in opposition to its imposition." *Id.* (citations omitted).

Plaintiff has been advised of his responsibilities in regard to this litigation. The MPSO issued on June 6, 2017 clearly states that plaintiff is required to participate in his deposition, and that sanctions for failure to do so may include dismissal of the action. (Dkt. No. 25). The MPSO is a court order. Similar warnings were delivered to plaintiff in my order of January 25, 2018, and during the March 2, 2018 telephone conferences. (Dkt. No. 37).

As discussed in my January 25, 2018 memorandum-decision, plaintiff's deportation would not automatically preclude his effective participation as a federal litigant, even a pro se one. For example, although less desirable than an in-person deposition, a court may order a deposition by telephone or video conference in the appropriate case. *Brown*, 2008 WL 346347, at *4 (ordering a telephone deposition where pro se plaintiff had actively participated in litigation despite his deportation); *see also* Fed. R. Civ. P. 30(b)(4) (authorizing a court to order that a deposition be taken by telephone or other remote means). Plaintiff has recently indicated his willingness to participate in a telephone deposition. (Text Minute Entry, dated March 2, 2018).

However, plaintiff's participation in a telephone deposition would not eliminate plaintiff's obligation to appear and testify in the United States at a civil trial where he bears the burden of proof. Therefore, this court must also consider the difficulties imposed by plaintiff's immigration status. "[W]here there is no reasonable possibility

7

that a pro se plaintiff can appear at trial because of deportation, the court may dismiss the case for failure to prosecute after providing plaintiff with a reasonable time to rectify the order of deportation." *Kuar v. Mawn*, No. 08-CV-4401, 2012 WL 3808620, at *6 (E.D.N.Y. Sept. 4, 2012); *see also Brown;* 2008 WL 346347, at *4 (N.D.N.Y. Feb. 6, 2008) ("Before the harsh remedy of dismissal is imposed based on [plaintiff's] failure to appear in person for a trial, [plaintiff] should be afforded an opportunity to obtain lawful re-admission to the United States."); *Fox v. Tryon*, No. 15-CV-6196, 2016 WL 4558325, at *2 (W.D.N.Y. Sept. 1, 2016) (giving a removed plaintiff 60 days to rectify his deportation order).

Plaintiff was deported from the United States following his incarceration, and has acknowledged that he had been convicted in New York State for crimes that included second degree murder, first degree robbery, and criminal possession of a weapon in the second degree. All of these offenses are "aggravated felonies" for purposes of federal immigration law. *See* 8 U.S.C. § 1101(a)(43)(A), (F); *see also Brooks v. Holder*, 621 F.3d 88, 90 (2d Cir. 2010) (conviction for possession of a weapon in the second degree constitutes a "crime of violence" under 18 U.S.C. § 16 and therefore is an aggravated felony).

These prior convictions for aggravated felonies make it extremely unlikely that plaintiff will be able to legally return to the United States in the near future. An individual who has been convicted of an aggravated felony and then deported or removed from the United States "must remain outside the United States for twenty consecutive years from the deportation date before he or she is eligible to re-enter the United States . . . ." 8 C.F.R. § 212.2(a); *see also* 8 U.S.C. § 1182(a)(9)(A)(i). If the individual seeks to reenter the United States prior to the expiration of that twenty year

8

period, there is only one statutory exception – the individual must obtain the consent of the United States Attorney General or his designee prior to applying for reentry. *See* 8 U.S.C. § 1182(a)(9) (A)(iii); 8 U.S.C. § 1326(a). Such consent is solely within the discretion of the executive branch. *See Estrada Figueroa v. Nelson*, 611 F. Supp. 576 (1985) (judicial review of Attorney General's denial of permission to apply for re-entry is limited to whether the decision was an abuse of his discretion) (citing *Dragon v. I.N.S.*, 748 F.2d 1304, 1305 (9th Cir. 1984)). Re-entry in such instances without the consent of the United States Attorney General is a felony. 8 U.S.C. § 1326(a).

Reported cases show that this consent has historically been difficult to obtain, even when an individual can demonstrate facts favorable to their application. *See, e.g., Estrada Figueroa*, 611 F. Supp. at 576 (upholding denial where applicant's wife and child legally resided in the United States). The court should abstain from making "a judicial prediction as to whether the Attorney General will grant or deny consent" to apply for reentry in an individual case. *See Brown*, 2008 WL 346347, at *4. However, the court may consider the "substantial likelihood" that plaintiff will not be allowed to return in the near future due to the aggravated felonies in his criminal record. *See Azfal v. Flushing Hosp.*, No. 16 Civ 1287, 2017 WL 398378, at *2 (E.D.N.Y. Jan. 30, 2017) (granting motion to dismiss for failure to prosecute where deported plaintiff's visa application had been pending for sixty days, and his conviction of a crime involving moral turpitude made it unlikely that he would be allowed to return to the United States). The court should also consider that defendants will be unfairly prejudiced if they are "left in limbo indefinitely" while plaintiff waits for the immigration authorities to reach a decision. *Id*. at *2.

It is plaintiff's burden to address his immigration status if he wishes to proceed

9

with this litigation.  *See United States v. Forty Five Thousand Nine Hundred Forty Dollars in United States Currency*, 739 F.2d 792, 796 (2d Cir. 1984) ("Imposing the burden on an alien, who has been previously deported, to affirmatively seek permission [to return to the United States] is within Congress' broad power to control immigration and naturalization.").  Plaintiff has indicated that he is willing to do so.  Therefore, this court recommends that he be allowed a reasonable opportunity to rectify his immigration status.  This court further recommends that, if plaintiff is unable to provide the court with documentation of the written consent of the United States Attorney General, or his designee, granting him permission to apply for re-entry to the United States, then defendants' motion to dismiss should be granted.[3]  Discovery, including the deposition of plaintiff, is stayed pending the resolution of this motion.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that discovery, including deposition of plaintiff, is **STAYED** pending resolution of the present motion to dismiss;

**RECOMMENDED**, that the plaintiff be required to file with the court a copy of the written consent of the United States Attorney General, or his designee, granting plaintiff permission to apply for re-entry to the United States;  and it is further

**RECOMMENDED**, that plaintiff be required to file such consent within 90 days of the District Court's adoption of this Report-Recommendation; and it is further

**RECOMMENDED**, that if plaintiff does not timely file such written consent, that defendants' motion to dismiss (Dkt. No. 35) be **GRANTED**, and the complaint

---

[3] In reaching this recommendation, this court has also considered lesser sanctions. Monetary sanctions would not address the issues related to plaintiff's immigration status. Preclusion of plaintiff's testimony would be tantamount to dismissal, thus, preclusion is not an appropriate sanction.

**DISMISSED WITH PREJUDICE**.

    Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:    March 5, 2018

                                                Hon. Andrew T. Baxter
                                                U.S. Magistrate Judge